862 F.2d 316
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stanley CHROBAK, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 88-1003.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1988.
 
 Before MERRITT, BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Stanley Chrobak ("plaintiff") appeals the judgment of the district court in favor of defendant-appellee, the Secretary of Health and Human Services ("the Secretary"), granting the Secretary's motion for summary judgment and affirming the Secretary's denial of Social Security disability benefits.
 
 
 2
 Plaintiff applied for Social Security disability insurance benefits on September 5, 1985. In his application for benefits, plaintiff stated that his disabling condition consisted of "lower back pain and pain in right leg." Benefits were initially denied on October 18, 1985, and upon reconsideration on November 21, 1985.
 
 
 3
 Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held on May 5, 1986. The ALJ issued his decision denying plaintiff benefits on May 29, 1986.
 
 
 4
 On July 25, 1986, plaintiff filed a request for review of the ALJ's hearing decision with the Social Security Appeals Council. After receipt of additional evidence submitted by plaintiff, the Appeals Council, on September 30, 1986, denied plaintiff's request for review. Accordingly, the ALJ's decision was adopted as the final decision of the Secretary.
 
 
 5
 Plaintiff then sought review of the Secretary's decision in the district court. Plaintiff's action was referred to a magistrate. After cross-motions for summary judgment were filed, the magistrate issued a report and recommendation that plaintiff's motion for summary judgment should be denied and that the Secretary's motion for summary judgment should be granted. Thereafter, on October 26, 1987, the district court accepted the magistrate's report and recommendation and adopted the report as the findings and conclusions of the district court. Judgment was entered the same day against plaintiff. This timely appeal followed.
 
 
 6
 The primary issue in this appeal is whether the decision of the Secretary denying plaintiff's application for benefits is supported by substantial evidence. The ALJ in the present case found that plaintiff, forty-four years of age at the time of the hearing, was a "younger individual," with a limited education and no acquired work skills. See 20 C.F.R. Secs. 404.1563, 1564, 1568. Plaintiff was found to have no nonexertional limitations, and the ALJ concluded plaintiff could perform a full range of sedentary work. See 20 C.F.R. Sec. 404.1567(a). Given these findings, and using 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.24 as a framework, the ALJ concluded plaintiff was not disabled. This conclusion was supported by the testimony of a vocational expert.
 
 
 7
 Plaintiff argues that the ALJ erred in concluding that plaintiff's condition does not meet or equal the criteria listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1; that the ALJ erred in failing to take into account plaintiff's nonexertional impairments; that the ALJ's finding that the objective medical evidence did not support plaintiff's complaints of severe pain is not supported by substantial evidence; and that the ALJ's finding that a significant number of jobs exist in the national economy that plaintiff can perform is not supported by substantial evidence.
 
 
 8
 We note, however, that plaintiff filed a second application for Social Security disability benefits on May 30, 1986, and that plaintiff was found disabled as defined in the Act on July 21, 1987. Accordingly, we REMAND this case to the district court with directions that it be remanded to the Secretary for further consideration of plaintiff's claims in view of the fact plaintiff has now been found to be under a disability since May 30, 1986.